IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **JAREK CHARVAT**, <br><br> Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> **ACO, INC.**, <br><br> Defendant. | Civil Case No. 8:12-cv-13 <br><br><br><br> **CLASS ACTION COMPLAINT** |

I. JURISDICTION AND VENUE

1. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1693 *et. seq*.

2. Plaintiff's claims asserted herein arose in this judicial district and Defendant is the operator of Automated Teller Machines ("ATM") in this judicial district.

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

II. PARTIES

4. Plaintiff, Jarek Charvat, was and at all times relevant hereto is a citizen of the United States and a resident of Douglas County, Nebraska.

5. Defendant, ACO, Inc. ("ACO"), is a Nebraska corporation with its principle place of business in Omaha, Nebraska. Defendant regularly conducts banking business, including the operation of several ATMs, in the District of Nebraska.

6. Defendant is an ATM operator, as that term is defined by 12 C.F.R. § 205.16(a) which states: "Automated teller machine operator means any person that

1

operates an automated teller machine at which a consumer initiates an electronic fund transfer or a balance inquiry and that does not hold the account to or from which the transfer is made, or about which the inquiry is made."

### III. STATEMENT OF FACTS

7. Plaintiff made a cash withdrawal from Defendant's ATMs at the following location:

    (a) On or about January 3, 2012, Plaintiff made an electronic fund transfer ("EFT") at Defendant's ATM designated "Terminal # CS28560" at 5250 South 72nd Street, Omaha, Nebraska 68127 in the King Kong restaurant.  Defendant charged Plaintiff a fee of $2.00 in connection with the transaction.

8. At the time of the electronic transactions, Plaintiff did not maintain any accounts with Defendant.

9. At the time of the transactions, there was no notice posted "on or at" the ATM operated by Defendant apprising consumers that a fee would be charged for use of the ATM.

10. Plaintiff brings this action individually and on behalf of all others similarly situated against Defendant alleging violations of the Electronic Fund Transfer Act ("EFTA") 15 U.S.C.§ 1693 *et seq.* and its implementing regulations 12 C.F.R. § 205 *et seq.*

11. The Congressional findings and declaration of purpose regarding the EFTA are as follows:

    (a) Rights and liabilities undefined

    The Congress finds that the use of electronic systems to transfer funds provides the potential for substantial benefits to consumers.  However, due to the unique characteristics of such systems, the application of existing consumer protection legislation is unclear, leaving the rights and liabilities of consumers, financial institutions and intermediaries in electronic fund transfers undefined.

    (b) Purposes

> It is the purpose of this subchapter to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund transfer systems. The primary objective of this subchapter, however, is the provision of individual consumer rights.

15 U.S.C. § 1693.

12. Among other things, the EFTA imposes certain disclosure requirements upon operators of automated teller machines ("ATMs").

13. 15 U.S.C. § 1693b(d)(3)(A) requires any ATM operator who imposes fees on consumers in connection with EFTs to provide notice of the fact that the fee is being imposed and the amount of the fee.[1]

14. 15 U.S.C. § 1693b(d)(3)(B) identifies the location where the required notice must be posted as follows:

> (B)   Notice requirements
>
> (i)   On the machine
>
> The notice required under clause (i) of subparagraph (A) with respect to any fee described in such paragraph shall be posted in a prominent and conspicuous location on or at the automated teller machine at which the electronic fund transfer is initiated by the consumer.
>
> (ii)   On the screen
>
> The notice required under clauses (i) and (ii) subparagraph (A) with respect to any fee described in such subparagraph shall appear on the screen of the automated teller machine, or on a paper notice issued from such machine, after the transaction is initiated and before the consumer is irrevocably committed to completing the transaction….

15. The relevant implementing regulation, 12 C.F.R. § 205.16(c) reinforces EFTA's statutory posting requirement, mandating that the mandatory fee notice: 1) be

---

[1] "Electronic fund transfer" is defined as "any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, direct deposits or withdrawals of funds, and transfers initiated by telephone…." 15 U.S.C. § 1693a(6).

3

posted in a "prominent and conspicuous location" on or at the ATM machine; and 2) "on the screen of the automated teller machine or by providing it on paper, before the consumer is committed to paying the fee." 12 C.F.R. § 205.16(c)(1) and (2).

16. 15 U.S.C. § 1693b(d)(3)(C), and its implementing regulation, 12 C.F.R. 205.16(e), prohibit ATM operators from imposing a fee on a consumer unless EFTA's notice and posting requirements are followed by the ATM operator.

17. Specifically, 15 U.S.C. § 1693b(d)(3)(C) states, in relevant part:

(C) Prohibition on fees not properly disclosed and explicitly assumed by the consumer

No fee may be imposed by any automated teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), unless—

(i) The consumer receives such notice in accordance with subparagraph (B)...

## IV. CLASS ACTION ALLEGATIONS

18. Plaintiff brings this class action on behalf of himself and all others similarly situated pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure.

19. Plaintiff seeks to represent a class of persons to be defined as follows:

All persons who, in the twelve (12) months prior to the filing of Plaintiff's complaint, made an EFT at one of Defendant's ATM designated  1) "Terminal # CS28560" located at 5250 South 72nd Street, Omaha, Nebraska, 68127 in the King Kong restaurant, and were charged a "terminal owner fee" in connection with the transaction.

20. <u>Numerosity</u>:  The class described above is so numerous that joinder of all individual members in one action would be impracticable.  The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court.

21. Plaintiff is informed and believes, and thereon alleges, that there are at minimum, thousands of members of the class described above.

22. The exact size of the class and the identities of the individual members thereof are ascertainable through Defendant's records.

23. Members of the class may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notices, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by this Court.

24. Typicality: Plaintiff's claims are typical of the claims of the members of the class. The claims of the Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful and willful conduct.

25. Plaintiff and members of the class were each consumers who used an ATM machine operated by Defendant to make an EFT or balance inquiry and were charged a terminal owner fee, notwithstanding that the posting providing notice of the fee required by EFTA "on or at" Defendant's terminals was not present.

26. Common Questions of Fact and Law: There is a well-defined community of interest and common questions of fact and law affecting members of the class.

27. The questions of fact and law common to the class predominate over questions which may affect individual members and include the following:

 a. Whether, under 15 U.S.C. § 1693b(d)(3)(A) and 12 C.F.R. 205.16, Defendant was, at all relevant times, an automated teller machine operator that imposed a fee on consumers for providing host electronic fund transfer services to those consumers;
 b. Whether Defendant complied with the notice requirements of 15 U.S.C. § 1693(d)(3)(B) and 12 C.F.R. 205.16; and,
 c. Whether Plaintiff and members of the class are entitled to statutory damages, costs and/or attorneys' fees for Defendant's acts and conduct.

28. Adequacy of Representation: Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the members of the class.

Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class and has no interests antagonistic to the members of the class. Plaintiff has retained counsel who is competent and experienced in the prosecution of class action litigation.

29.    Superiority:  A class action is superior to other available means for the fair and efficient adjudication of the claims of the class.  While the aggregate damages which may be awarded to the members of the class are likely to be substantial, the damages suffered by the individual members of the class are relatively small.  As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the class to individually seek redress for the wrongs done to them.  Plaintiff does not know of any other litigation concerning this controversy already commenced by or against any member of the class.  The likelihood of the individual members of the class prosecuting separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues.  In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the class.  Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

## V. SUBSTANTIVE VIOLATION

30.    15 U.S.C. § 1693b(d)(3)(A) provides that as a prerequisite to imposition of a usage fee upon a consumer for host transfer services, an automated teller machine operator must provide notice to the consumer consistent with subparagraph (B) of that statutory section.

31.    Subparagraph (B) of 15 U.S.C. § 1693(d)(3) provides in relevant part:

(B)    Notice requirements

(i)     On the machine

>The notice required under clause (i) of subparagraph (A) with respect to any fee described in such subparagraph shall be posted in a prominent and conspicuous location on or at the automated teller machine at which the electronic fund transfer is initiated by the consumer.

32. In turn, subparagraph (c) of 15 U.S.C. § 1693b(d)(3) states, in relevant part:

(C)  Prohibition on fees not properly disclosed and explicitly assumed by the consumer

>No fee may be imposed by any automated teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), unless—
>
>(i)     The consumer receives such notice in accordance with subparagraph (B)...

33. EFTA's statutory notice requirements are reinforced by the implementing regulations set forth at 12 C.F.R. § 205.16.

34. Defendant violated the notice requirements of EFTA in connection with providing host transfer services to Plaintiff and the Class.

35. On information and belief, the notice required by 15 U.S.C. § 1693(d)(3) and 12 C.F.R. § 205.16 was not posted at Defendant's ATM designated "Terminal # CS 28560" located at 5250 South 72nd Street, Omaha, Nebraska 68127 in the King Kong restaurant during the entire year preceding the filing of Plaintiff's complaint.

36. Defendant was prohibited from imposing any usage fee or similar fee for providing host transfer services because it failed to comply with EFTA's notice requirements.

37. 15 U.S.C. § 1693m provides that Defendant shall be liable to Plaintiff and Class for violations of 15 U.S.C. § 1693 *et seq.* in the amount of, *inter alia,* statutory damages to be determined by the Court, the costs of this action and reasonable attorneys' fees.

38. Plaintiff seeks the imposition of statutory damages, costs of suit and attorneys' fees.

VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the members of the class, prays for:

a. An order certifying the class and appointing Plaintiff as the representative of the class, and appointing counsel for Plaintiff as counsel for the class;

b. An award to Plaintiff and the members of the class of statutory damages;

c. Payment of costs of suit;

d. Payment of reasonable attorneys' fees; and,

e. Such equitable and other relief as the Court may deem just and proper;

f. Plaintiff designates Omaha, Nebraska as place of trial; and

g. Plaintiff requests a jury trial.

DATED this 8th day of January, 2012.

Jarek Charvat, Plaintiff,

BY: /s/ Tracy Hightower-Henne
Tracy Hightower-Henne #23813
HIGHTOWER LAW, LLC
209 South 19th Street, Suite 525
Omaha, NE 68102
P: (402) 905-2886
F: (402) 932-6900
tracy@hightowerlawomaha.com

Michael Lewis (DCB # 503311)
The Lewis Firm PLLC
1225 15th Street NW
Washington, DC 20005
P: (202) 630-6257
F: (888) 430-6695
mlewis@lewis-firm.com

Attorneys for Plaintiff Jarek Charvat