IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **JAREK CHARVAT, individually and on behalf of all others similarly situated,** | ) ) ) | **CASE NO. 8:12CV13** |
| **Plaintiff,** | ) ) | |
| v. | ) ) | **MEMORANDUM AND ORDER** |
| **ACO, INC.,** | ) ) ) | |
| **Defendant.** | ) | |

This matter is before the Court on the Defendant's Motion for Summary Judgment (Filing No. 6), and the Plaintiff's Rule 56(d) Request to Deny, or in the Alternative, Defer, Defendant's Motion for Summary Judgment (Filing No. 10[1]). For the reasons discussed below, the Court will defer ruling on the Motion for Summary Judgment pending the submission of additional briefs and affidavits addressing specific issues, as discussed below.

**FACTS**

For purposes of the Motion for Summary Judgment, the Defendant ACO, Inc. ("ACO"), does not object to the essential factual allegations in the Complaint (Filing No. 1): Plaintiff, Jarek Charvat ("Charvat") is a resident of Douglas County, Nebraska. ACO is a Nebraska corporation with its principal place of business in Omaha, Nebraska, and is an automatic teller machine ("ATM") operator as defined in 12 C.F.R. § 205.16(a). On or about January 3, 2012, Charvat made an electronic fund transfer at an ATM owned by ACO, located in a King Kong restaurant on Omaha's South 72nd Street (the "King Kong

---

[1] Filing No. 10 is a duplicate of Filing No. 9, but also includes the Declaration of Michael Lewis (Filing No. 10-1). Lewis is Charvat's lawyer, who contends that Charvat cannot respond to the Motion for Summary Judgment without conducting discovery regarding ACO's practices and procedures, methods of affixing signs, and any evidence of third-party tampering with the sign in question.

restaurant"), and was charged a $2.00 fee. Charvat did not maintain any accounts with ACO, and there was no notice posted on or at the ATM informing customers that a fee would be charged.[2]

ACO has submitted the affidavit of its President, Randy McCright (Filing No. 8-1, "McCright Aff.") and the affidavit of Nikolaos H. Triantafillou, President of King Kong International, Inc., d/b/a King Kong restaurants (Filing No. 8-2, "Triantafillou Aff."), in support of the following, additional facts:

ACO owns 48 ATMs, including one in the King Kong restaurant. When McCright installed each of the 48 ATMs, including the one in the King Kong restaurant, he affixed to each ATM in a prominent and conspicuous place a warning sticker, providing notice that a fee would be imposed on any electronic funds transfer, including any withdrawal of funds. Triantafillou observed McCright install the ATM in the King Kong restaurant, and affix the warning sign to the ATM. Triantafillou observed the ATM on a daily basis. He never observed that the warning sign had been removed, damaged or altered by anyone and, if he had noticed such an issue, he would have notified McCright.

McCright personally inspected and serviced the 48 ATMs at least every month, and sometimes twice each month. When he inspected and serviced the ATMs, he ensured that the warning stickers were still affixed to the ATMs, and carried with him extra stickers to use in the event that a sticker had been removed, damaged or altered. McCright inspected the ATM in the King Kong restaurant on or about December 21, 2011. That was the last

---

[2] Charvat does not appear to contest that he received notice of the fact that a fee would be charged, and the amount of the fee, as required by 15 U.S.C. § 1693b(d)(3), on the screen of the ATM, or on a paper notice issued from it, after the transaction was initiated and before he was irrevocably committed to completing the transaction.

inspection he conducted of that ATM prior to Charvat's use of it on or about January 3, 2012.  Neither on December 21, 2011, nor at any earlier time, did McCright observe the warning sticker to have been removed, damaged or altered.  If he had noticed such a problem, he would have replaced the sticker with one of the extra stickers he carried with him.

Immediately after being served with summons in this case, McCright went to the ATM in the King Kong restaurant and replaced the warning sticker.  He submitted with his affidavit three photos of the ATM with the newly-affixed warning sticker.  (Filing 8-1, Exhibits 1-A, 1-B, 1-C.)  McCright never removed, altered or damaged the original warning sticker on the ATM, and asserts that no other employee or agent ever removed, damaged or altered it.  McCright inspected all of ACO's other ATMs the same day, and found all their warning stickers still in place.  ACO never received any other complaints regarding its warning stickers.

## STANDARD

"Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, demonstrates there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Gage v. HSM Elec. Prot. Servs., Inc.,* 655 F.3d 821, 825 (8th Cir. 2011) (citing Fed. R. Civ. P. 56(c)).  The court will view "all facts in the light most favorable to the non-moving party and mak[e] all reasonable inferences in [that party's] favor." *Schmidt v. Des Moines Pub. Sch.,* 655 F.3d 811, 819 (8th Cir 2011).  "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue . . . Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings

themselves." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The moving party need not negate the nonmoving party's claims by showing "the absence of a genuine issue of material fact." *Id.* at 325. Instead, "the burden on the moving party may be discharged by 'showing' . . . that there is an absence of evidence to support the nonmoving party's case." *Id.*

In response to the movant's showing, the nonmoving party's burden is to produce specific facts demonstrating "'a genuine issue of material fact' such that [its] claim should proceed to trial." *Nitro Distrib., Inc. v. Alticor, Inc.*, 565 F.3d 417, 422 (8th Cir. 2009) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)), *cert. denied,* 130 S. Ct. 1074 (2010). The nonmoving party "'must do more than simply show that there is some metaphysical doubt as to the material facts,' and must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (quoting *Matsushita Elec. Indus. Co.,* 475 U.S. at 586-87)), *cert. denied,* 132 S. Ct. 513 (2011). "'[T]he mere existence of *some* alleged factual dispute between the parties'" will not defeat an otherwise properly supported motion for summary judgment. *Quinn v. St. Louis Cnty.,* 653 F.3d 745, 751 (8th Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986)).

In other words, in deciding "a motion for summary judgment, 'facts must be viewed in the light most favorable to the nonmoving party only if there is a "genuine" dispute as to those facts.'" *Ricci v. DeStefano*, 129 S. Ct. 2658, 2677 (2009) (quoting *Scott v. Harris,* 550 U.S. 372, 380 (2007)). Otherwise, where the Court finds that "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party"–where there

is no "'genuine issue for trial'"–summary judgment is appropriate. *Matsushita*, 475 U.S. at 587 (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.,* 391 U.S. 253, 289 (1968)).

## DISCUSSION

### I. Statutory and Regulatory Framework

The parties do not appear to have any disagreement regarding the statutes and regulations that apply in this case. The Electronic Fund Transfer Act, 15 U.S.C. § 205.1 *et seq.* ("EFTA"), requires ATM operators to provide users with notice of any fees that will be charged for the use of the machine:

> (A) In general
>
> The regulations prescribed under paragraph (1) shall require any automated teller machine operator who imposes a fee on any consumer for providing host transfer services to such consumer to provide notice in accordance with subparagraph (B) to the consumer (at the time the service is provided) of --
>
> > (i) the fact that a fee is imposed by such operator for providing the service; and
> >
> > (ii) the amount of any such fee.
>
> (B) Notice requirements
>
> > (i) On the machine
> >
> > The notice required under clause (i) of subparagraph (A) with respect to any fee described in such subparagraph shall be posted in a prominent and conspicuous location on or at the automated teller machine at which the electronic fund transfer is initiated by the consumer.
> >
> > (ii) On the screen
> >
> > The notice required under clauses (i) and (ii) of subparagraph (A) with respect to any fee described in such subparagraph shall appear on the screen of the automated teller machine, or on a paper notice issued from such machine, after the transaction is initiated and before

5

> the consumer is irrevocably committed to completing the transaction
> . . . .
>
> (C)   Prohibition on fees not properly disclosed and explicitly assumed by consumer
>
> No fee may be imposed by any automated teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), unless --
>
> > (i) the consumer receives such notice in accordance with subparagraph (B); and
> >
> > (ii) the consumer elects to continue in the manner necessary to effect the transaction after receiving such notice.

15 U.S.C. § 1693b(d)(3).

The Board of Governors of the Federal Reserve System implemented EFTA through Regulation E, 12 C.F.R. § 205.1 *et seq.*, including a mandate that ATM operators post on the machine "in a prominent and conspicuous location . . . a notice that . . . a fee will be imposed for providing electronic fund transfer services." 12 C.F.R. § 205.16(c). Failure to comply with notice requirements may result in civil liability for damages. 15 U.S.C. § 1693m(a).

EFTA provides two exemptions from liability for operators of ATMs with deficient notices. First, if the operator posted a proper notice and it was subsequently removed, damaged or altered by someone other than the operator, then the operator is not liable for failure to comply with the notice requirement. 15 U.S.C. § 1693h(d). Second, if the operator "shows by a preponderance of [the] evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error," then the operator may not be held liable. 15 U.S.C. § 1693m(c).

6

## II. Use of Summary Judgment Motion as Responsive Pleading

Charvat argues that ACO's Motion for Summary Judgment should be denied because ACO has not filed a Rule 12 responsive pleading, such as an Answer or a Motion to Dismiss.

Fed. R. Civ. P. 56(b) provides: "Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery."  This Court has found no persuasive authority in support of the proposition that a motion for summary judgment must follow an answer or other Rule 12 pleading, and there *is* persuasive authority that it *need not*.  See, *e.g.*, *Marquez v. Cable One, Inc.*, 463 F.3d 1118, 1120 (10th Cir. 2006) ("Rule 56 expressly states that a motion for summary judgment can be filed . . . 'at any time.'"); *INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 404 (6th Cir. 1987) ("Courts and commentators have acknowledged that no answer need be filed before a defendant's motion for summary judgment may be entertained.")  This logic is also supported by the fact that Rule 12(d) provides:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d).

It would be a nonsensical application of form over substance for a court to receive a motion to dismiss under Rule 12(b)(6), supported by matters outside the pleadings, and then treat it as a motion for summary judgment under Rule 56, but not allow the defendant to style the motion as one submitted under Rule 56.

### III. Request for Additional Discovery under Rule 56(d)

Charvat also argues that, if the Court *does* entertain ACO's Motion for Summary Judgment, the Court should defer or deny the Motion under Fed. R. Civ. P. 56(d) because Charvat needs to conduct discovery before responding to the Motion. Charvat suggests that ACO is merely speculating that the warning sign was removed by a third party, and perhaps it came off because it was improperly affixed in the first place. Charvat also questions the reasonableness of the procedures used by ACO to ensure the continued presence of the warning sign, asserting that the reasonableness of the procedures should be determined by a jury. Finally, Charvat points to paragraph 35 of his Complaint, in which he alleges on "information and belief" that the warning sign was not posted at the ATM during the entire year preceding the filing of the Complaint. Charvat contends that this allegation creates a genuine issue of material fact, precluding the entry of summary judgment.

The Court will defer ruling on ACO's Motion for Summary Judgment until the parties have had an opportunity to present all the material that is pertinent to the motion. At this time, however, the Court is not persuaded that discovery is necessary to uncover any facts relevant to disposition of the Motion. Accordingly, on or before March 23, 2012, ACO may submit an additional affidavit from McCright addressing the following: First, in paragraph 18 of the affidavit (Filing No. 8-1) McCright states:

> That on or about January 11, 2012 and immediately upon being served with summons in the above-captioned matter, Affiant inspected the ATM and discovered that the warning sticker previously affixed thereto had been either removed, damaged or altered by a third party.

McCright's additional affidavit should state what he *actually observed*, without legalese or conclusions of law. For example, was the original sticker completely gone, or was it torn

or otherwise defaced in some manner? Second, McCright's additional affidavit should state whether the original sticker affixed to the ATM was the same as the one pictured in Exhibits 1-A, 1-B and 1-C to Filing No. 8-1, and affixed in the same location. If not, McCright's additional affidavit should explain how the original sticker was different in content, size, and/or location. ACO, at its option, may also submit an amended brief on or before March 23, 2012.

On or before April 16, 2012, Charvat may respond with his brief and any index of evidence in opposition to the Motion for Summary Judgment. If Charvat still contends that additional discovery is needed, he may explain in his brief what specific facts he seeks to uncover, and what discovery he contends is needed to uncover those facts. ACO may file its Reply Brief on or before April 25, 2012.

Accordingly,

IT IS ORDERED:

1. Plaintiff's Rule 56(d) Request to Deny, or in the Alternative, Defer, Defendant's Motion for Summary Judgment (Filing No. 10) is granted as follows:

> The Court will defer ruling on the Defendant's Motion for Summary Judgment pending the submission of additional evidence and briefs, in compliance with this Memorandum and Order.

2. Filing No. 9 is denied as moot.

DATED this 13th day of March, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

9